Baldwin vs. Bellocq et al.

No. 1187.

## JOHN BALDWIN, SR. VS. HYPOLITE BELLOCQ ET AL.

An injunction prohibiting the dilapidation of valuable real estate, and the construction of buildings thereon, although the property be in the possession of the party enjoined, should not be dissolved on a bond for an insignificant amount.

Where circumstances allow, the injunction should not be dissolved unless contradictorily.

APPEAL from the Nineteenth District Court, Parish of St. Mary. *Goode, J.*

*M. J. Foster* and *G. B. Shepherd* for Plaintiff and Appellant.

*D. Caffery* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an appeal from an *ex-parte* order dissolving, in part, an injunction on defendants furnishing bond. The complaint is, that the dissolution will work an irreparable injury to the plaintiff, and that the bond is not commensurate with the injury which might be sustained.

It is immaterial upon what grounds the injunction was asked. It is sufficient to state that it was sought by one claiming the ownership of lands, alleged to be worth between five or six thousand dollars, in the hands of another under color of title, and it issued prohibiting him from entering upon and committing any depredations on said land; from pasturing cattle and horses thereon; from using any building as a slaughterhouse, and from cutting and removing wood from said land.

After a fruitless attempt to have the injunction dissolved on the face of the papers, the defendants, on an *ex-parte* motion, obtained the dissolution of the injunction, "except in the matter of cutting timber on the premises in question," on furnishing bond and security in the sum of *fifty* dollars.

For the purposes of the matter now before the Court it must be assumed that the injunction properly issued, and that the District Judge correctly declined to dissolve it on the face of the papers. The only question presented for solution is, whether the lower court rightfully dissolved that injunction in part on the bond stated.

It is clear that under the very averments of the petition, the defendants were in possession under color of title, and that the object of the injunction was to prevent them from the use and enjoyment consequent upon such possession.

The law, it is true, favors the quieting of parties in possession, *pen-*

Baldwin vs. Bellocq et al

*dente lite,* on their furnishing a satisfactory bond for the return of the property in its original integrity, or contingently, for damages. It is upon that theory that even intervenors, in whose possession property is seized, are permitted to have the seizure released on furnishing bond and security. Such releases on bond should, however, be granted only when clearly allowed.

In cases like the present one the law distinctly provides, that whenever the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the Court may, in their discretion, dissolve the same, provided the defendant execute his obligation with good and solvent security, conditioned, etc. C. P. 307.

By the partial dissolution granted, the defendants are relieved from the injunction in so far as it prohibits them from committing depredations, building on the land and, hence, are virtually authorized, if they choose, to dilapidate the property in dispute and put up buildings on the same, during the continuance of the suit, on furnishing a mere bond for fifty dollars.

We deem it unnecessary to express any opinion as to whether or not such acts of the defendants, if committed, would or not cause plaintiff an injury, not reparable in dollars and cents; but we feel no hesitation in saying, that the bond demanded to answer for the same is by far insufficient to indemnify the plaintiff in case the defendants were to commit the apprehended acts charged against them, with which it bears no proportion.

It is preferable that the determination of the question of reparability *vel non* of injury sustained and of the increase of the bond to a proper amount be referred to the District Judge for decision, after contradictory hearing of the parties in interest.

There is no doubt that a Judge has the right and power, on an *ex-parte* application in a case of urgency, to dissolve an injunction on bond, but in such instances, the dissolution being allowed at the risk of the mover, will be rescinded on a proper showing of error, either in the lower or appellate court, and the matter reinstated, to be proceeded with contradictorily. It is decidedly preferable that such course be pursued, where circumstances will allow.

The partial release of the injunction, on the bond of fifty dollars, was clearly erroneous in this case.

It is, therefore, ordered and decreed that the judgment appealed from be reversed, and that the motion of defendants to dissolve the injunction on bond be remanded to the lower court for further proceedings, according to the views herein expressed and according to law.